No. 26-20337

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

In re: Hon. Paula Goodhart, Hon. Jessica Padilla, Hon. Leslie Johnson, and Hon. Linda Garcia,

Petitioners.

---

On Petition for Writ of Mandamus
from the United States District Court
for the Southern District of Texas
No. 4:16-cv-1414

---

# REPLY IN SUPPORT OF PETITION FOR WRIT OF MANDAMUS

---

Joseph Russo
Fed. ID No. 22559
State Bar No. 24002879
jrusso@greerherz.com
Angie Olalde
Fed. ID No. 690133
State Bar No. 24049015
aolalde@greerherz.com
GREER, HERZ & ADAMS, L.L.P.
123 Rosenberg St., Suite 3000
Galveston, TX 77550
(409) 797-3200 (Telephone)
(866) 456-0170 (Fax)

**COUNSEL FOR PETITIONERS**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................ 3,4

REPLY ........................................................................................................ 5

ARGUMENT ................................................................................................ 5

I. A Clear Right to Review Exists ................................................................ 5

A. Plaintiffs demonstrate no need for a factual developments necessary to resolve the application of *Younger* abstention. ...................................... 5

B. The Judges have not waived the Abstention argument.............................. 9

II. The Ordinary Appellate Process Cannot Remedy the Ongoing Federal Interference with State Criminal Proceedings........................... 12

III. Respondents' Jurisdictional Arguments are Meritless as the Court Has Mandamus Jurisdiction Over the District Court's Refusal to Expedite the Younger Ruling................................................................ 13

CONCLUSION AND PRAYER ...................................................................... 14

# TABLE OF AUTHORITIES

<u>Cases</u>

*Abbott v. Perez*,
585 U.S. 579 (2018) ........................................8

*Broad Satellite International, Inc. v. National Digital TV Center, Inc.*,
323 F.3d 339 (5th Cir. 2003) ........................................11

*Cheney v. United States District Court*,
542 U.S. 367 (2004) ........................................5

*Chisom v. Jindal*,
890 F.Supp.2d 696 (E.D. La. 2012) ........................................10

*Daves v. Dallas County*,
64 F.4th 616 (5th Cir. 2023) (en banc) ........................................5

*Felder v. Estelle*,
693 F.2d 549 (5th Cir. 1982) ........................................10

*Hernandez v. Paxton, No. EP-25-CV-220-KC*,
2025 WL 2265467, 2025 U.S. Dist. LEXIS 154969 (W.D. Tex. 2025) ...............8

*In re Volkswagen of Am., Inc.*,
545 F.3d 304 (5th Cir. 2008) (en banc) ........................................5, 13, 14

*LULAC v. City of Boerne*,
659 F.3d 421 (5th Cir. 2011) ........................................6

*LULAC v. City of Boerne*,
675 F.3d 433 (5th Cir. 2012) ........................................7

*Miller v. Raytheon Co.*,
716 F.3d 138 (5th Cir. 2013) ........................................9

*Ohio Bureau of Employee Services v. Hodory*,
431 U.S. 471 (1977) ........................................10

*Pasadena City Bd. of Ed. v. Spangler*,
427 U.S. 424 (1976)........................................8

*Rufo v. Inmates of Suffolk County Jail*,
502 U.S. 367 (1997) ........................................................................................7

*Sprint Communications, Inc. v. Jacobs*,
571 U.S. 69 (2013) ..........................................................................................6

*System Federation No. 91 Ry. Emp. Dep't v. Wright*,
364 U.S. 642 (1961) ........................................................................................5

*RTM Media, L.L.C. v. City of Houston*
584 F.3d 220 (5th Cir. 2009) ..........................................................................9

*United States ex rel. Anti-Discrimination Center of Metro New York, Inc. v. Westchester County*,
712 F.3d 761 (2d Cir. 2013) ..........................................................................11

<u>Statutes and Rules</u>

Fed. R. Civ. P. Rule 60 .......................................................................6, 7, 13

Tex. Gov't Code §74.093 ...................................................................................9

# REPLY

Petitioners, Judges Paula Goodhart, Jessica Padilla, Leslie Johnson, and Linda Garcia, file this brief Reply to the responses filed by Plaintiffs/Respondents the Twelve Judges, Harris County, and Sheriff Gonzalez. Briefly, Petitioners have demonstrated all three prerequisites for mandamus relief under *Cheney v. United States District Court*, 542 U.S. 367 (2004), and *In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc). The District Court clearly abused its discretion by refusing to issue an expedited ruling on *Younger* abstention.

# ARGUMENT

*Daves v. Dallas County*, 64 F.4th 616 (5th Cir. 2023) (en banc) ("*Daves II*"), resolves *Younger* abstention in this case, and is a threshold legal question.

## I. A Clear Right to Review Exists

### A. Plaintiffs demonstrate no need for factual developments necessary to resolve the application of *Younger* abstention.

*Younger* as a legal determination applies based on the nature of state proceedings, and available remedies and simply does not require delay for factual development. Alteration of the fundamental legal underpinning of a consent decree will require a change consistent with that law, and fact findings that don't relate to the change in law need no consideration. *See System Federation No. 91 Ry. Emp. Dep't v. Wright*, 364 U.S. 642, 648-649 (1961) (in finding abuse of discretion by

maintaining consent decree after a change in the law, "conclusion [that the amendment rendered protection unauthorized] would not be affected by circumstance, which the District Court here found, that the unions' hostility to nonunion employees still continued . . . ."). There is no question of the application of abstention under *Daves II* here, and no facts needed to apply it. In *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69 (2013), the Supreme Court clarified that *Younger* abstention is triggered in three categories of pending state court proceedings, including state criminal prosecutions, and civil proceedings that (a) are akin to criminal proceedings or (b) "implicate a State's interest in enforcing the orders and judgments of its courts." *Id*. at 72-73. Again, no factual development will detract from the circumstances precluded by *Younger*—the terms of the Consent Decree are systematically overriding bail settings in each new misdemeanor criminal court matter filed in Harris County. No factual inquiry is necessary here.

Cases cited by Plaintiffs/Respondents do not help as each turned on *necessary* facts. In *LULAC v. City of Boerne*, 659 F.3d 421 (5th Cir. 2011) ("*LULAC I*"), a voting rights case, there were several facts at issue in the specific Rule 60(b) argument, because LULAC argued "cumulative voting had failed to achieve the decree's purpose" of alleviating violations of the Voting Rights Act (VRA), and discussed facts in support, including allegations that only one minority candidate ran and won three of four elections since the decree was passed. *Id.* at 438-39. The Fifth

Circuit pointed out that several *necessary* facts were missing, such as whether minority voters supported the candidate in the election she lost, or whether voter dilution caused the loss or caused other minority-preferred candidates from being elected. *Id*. at 439. *LULAC II* contained the same dearth of evidence in that VRA case. *See LULAC v. City of Boerne*, 675 F.3d 433, 438 (5th Cir. 2012)("*LULAC II*").

*Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 385-87 (1997), considered a post-decree upsurge in jail population—a changed factual condition. *Id.* at 385-87. The Court specifically recognized that:

> A consent decree must of course be modified if, as it later turns out, one or more of the obligations placed upon the parties has become impermissible under federal law. But modification of a consent decree may be warranted when the statutory or decisional law has changed to make legal what the decree was designed to prevent.

*Id*. at 388. Plaintiffs correctly state that *Rufo* explained *clarifications* of the law, in and of themselves, will not always reopen litigation of the merits. They omit, however, the context of that statement—the Court's statement concerned situations when parties or district courts misunderstand the law. *Id*. at 389-90 (citing *Pasadena City Bd. of Ed. v. Spangler*, 427 U.S. 424, 437-38 (1976) which held modification should be ordered when the decree "was contrary to intervening decisional law"). In *Pasadena City Board of Education*, the Court explained that,

> [e]ven had the District Court's decree been unambiguous and clearly understood by the parties to mean what that court declared it to mean in 1974, the "no majority of any minority" provision would, as we have indicated previously, be contrary to the intervening decision of this

> Court in *Swann, supra*. The ambiguity of the provision itself, and the fact that the parties to the decree interpreted it in a manner contrary to the interpretation ultimately placed upon it by the District Court, is an added factor in support of modification. The two factors taken together make a sufficiently compelling case so that such modification should have been ordered by the District Court.

*Pasadena City Bd. of Ed.*, 427 U.S. at 437-38.

*Daves II* was no mere clarification, it was an about-face from the Fifth Circuit. That case alone warrants the Court's consideration of the Judges' *Younger* argument without onerous discovery and evidentiary proceedings.

Finally, Plaintiffs suggestion that Petitioners must establish Texas law provides adequate constitutional safeguards and whether vacatur will create a constitutional violation side-steps the presumption of good faith. Petitioners seek to have the Court determine whether the abstention doctrine under *Daves II* applies here. While that review may ultimately result in vacatur, there are two very significant underlying backstops. One is Texas law which specifically reformed bail procedures and these enactments are presumed to be constitutional and provide adequate remedies. *See Abbott v. Perez*, 585 U.S. 579, 603 (2018) (discussing presumption of legislative good faith in redistricting matter); *Hernandez v. Paxton*, No. EP-25-CV-220-KC, 2025 WL 2265467, 2025 U.S. Dist. LEXIS 154969, at *7 (W.D. Tex. 2025) ("federal courts should 'assume that state court procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary'") (quotation omitted); *see also Miller v. Raytheon Co.*, 716 F.3d 138, 148

(5th Cir. 2013)("Texas courts afford state statutes a strong presumption of constitutionality under the Texas Constitution"). These Legislative enactments are the framework of bail process in every Texas county today and their legality is presumed, other than in Harris County. A second limitation is the HCCCL[1] Judges who, absent the Consent Decree, maintain the power to amend their Local Rules governing pretrial processes, as they did by adopting current Local Rule 9 which was ultimately incorporated into the November 2019 Consent Decree. (App. C) (ECF 708 at 12 ¶13); Tex. Gov't Code §74.093(a). Thus, the HCCCL Judges' existing and future local rules implementing pre-trial processes protect arrestee rights, such as by continuing to provide findings on the record, so long as the processes comply with existing state law.

**B. The Judges have not waived the Abstention argument**

Plaintiffs' citation to *RTM Media, L.L.C. v. City of Houston*, 584 F.3d 220, 229 n.15 (5th Cir. 2009) for the prospect that Judges explicitly sought merit determinations is puzzling, as there, the Court declined to find waiver since the party in question sought review of the *abstention* issue. *Id*. at 229. Indeed, *RTM* confirms that *seeking* a merits determination does *not* constitute waiver. *Id*. at 229.n.15.

Additionally, neither *Chishom*, *Felder*, *Hodory* or other case cited by Plaintiffs hold that waiver of an abstention argument occurred under facts present

[1] The HCCCL Judges refers to all sixteen of the County's criminal Court at Law Judges.

here, where the district court and appellate courts expressly rejected *Younger* abstention arguments made by the Judges. *see e.g., Chisom v. Jindal*, 890 F.Supp.2d 696, 721 (E.D. La. 2012); *Felder v. Estelle*, 693 F.2d 549, 553 (5th Cir. 1982); *Ohio Bureau of Employee Services v. Hodory*, 431 U.S. 471, 480 (1977). Moreover, none of their cases considered situations where continuing federal court oversight could be used against the parties in newly filed criminal cases. This Court had concerns over that issue both in *Daves II*, and in vacating injunctions entered in *O'Donnell* prior to the entry of the Consent Decree. As noted in *Daves II*:

> the *ODonnell I* court concluded that the supervisory bail injunction at issue did not implicate concerns about comity and federalism because it "will not require federal intrusion into pre-trial decisions on a case-by-case basis." *ODonnell I*, 892 F.3d at 156 (comparing with *O'Shea*, 414 U.S. at 499-502, 94 S. Ct. at 678-79). But the injunction issued in *ODonnell I*, and mirrored by *Daves*, flatly contradicts the very language in *O'Shea*. The *ODonnell I* "model injunction" expressly mandated the type of "periodic reporting" scheme the Supreme Court precluded. *Compare id.* at 164-66 ("To enforce the 48-hour timeline, the County must make a weekly report to the district court of misdemeanor defendants identified above for whom a timely individual assessment has not been held."), *with O'Shea*, 414 U.S. at 501, 94 S. Ct. at 679 ("'periodic reporting' . . . would constitute a form of monitoring of the operation of state court functions that is antipathetic to established principles of comity"). And it opens the federal courts any time an arrestee cries foul. *ODonnell I*, 892 F.3d at 165-66. Even before this court reconsidered *ODonnell I*'s rulings en banc, we found it necessary to disapprove several of that decision's overreaching injunctive provisions. *See ODonnell II*, 900 F.3d at 224-28 (overruling provisions that would have freed defendants for technical noncompliance with federal orders).

*Daves II,* at 630. In short, *Daves II* correctly recognized that each newly filed criminal case is a new opportunity for federal intrusion (*see* ECF 799-1 at 23-24); (*see* App. C) (ECF 708 at 51 ¶¶138-139)(Plaintiffs' counsel raises concerns with Monitor and if not resolved the complaint is submitted to the Court). Plaintiffs' cases do not support waiver of abstention given the scrutiny being exercised over each new case or action of the Judges (*see* App. E) (ECF 793, App. A at 1-2).

Plaintiffs cite *Westchester County* in support of the premise that the Judges are unqualifiedly bound by the Consent Decree despite not holding office at the time. However, *Westchester County* itself recognizes limits on powers that can be perpetually delegated away by government officials, particularly where an official is subsequently required to violate subsequent laws or the officials become disabled from exercising an essential attribute of the sovereignty of the office. *See United States ex rel. Anti-Discrimination Center of Metro New York, Inc. v. Westchester County*, 712 F.3d 761, 772-774 (2d Cir. 2013). Here, the HCCCL Judges are tasked by law to set Harris County pre-trial procedures, including bail processes. However, the Consent Decree restricts that power.

There is no delay that operates as a waiver here. Plaintiffs' argument that *Broad Satellite International, Inc. v. National Digital TV Center, Inc.*, 323 F.3d 339 (5th Cir. 2003), demonstrates implied waiver on the part of the Judges is unmerited. While Plaintiffs cite elements of implied waiver, Plaintiffs lose track of the

requirement that the right being waived must exist "at the time of the waiver." (PL Resp. at 25). Again, the Judges were stripped of the right to argue abstention prior to the Consent Decree. The Judges certainly had no knowledge that the Fifth Circuit would overrule its holdings on abstention. And, there is nothing in the Consent Decree that shows the Judges waived *Younger* in perpetuity or under all circumstances, including subsequent changes to state law. Even setting aside that legal representation was withheld from the Judges offices, Plaintiffs' more recent threats of contempt to the Judges and the Monitors' specific criticisms of the Judges in their Ninth Report highlighted the expanse of intrusion (*see* ECF 799-1 at 23-24)(March 2026 Monitor report); (App. E)(ECF 793, App. A at 1-2)(threats of contempt on September 12, 2025). Nevertheless, *Broad Satellite* does not in any form demonstrate waiver under the circumstances here.

**II. The Ordinary Appellate Process Cannot Remedy the Ongoing Federal Interference with State Criminal Proceedings.**

Plaintiffs provide no answer for the irreparable harm occurring in the Harris County misdemeanor bail docket. As stated, the Consent Decree requires daily release of misdemeanor arrestees with no review of their circumstances in direct violation of state law, and interferes with judicial discretion and independence. No subsequent appeal can cure the harm that occurs as arrestees are released without individualized review and without consideration for public safety. *In re Volkswagen*, 545 F.3d at 319 ("the prejudice suffered cannot be put back in the bottle").

**III. Respondents' Jurisdictional Arguments Are Meritless As the Court Has Mandamus Jurisdiction Over The District Court's Refusal to Expedite the Younger Ruling**.

Plaintiffs suggest this case has no importance "beyond the immediate case" (PL. Resp. at 29). Yet, the operation of this case impacts countless criminal misdemeanor cases filed in Harris County and overseen by the Judges daily. Certainly, such impacts meet or exceed the levels of importance of venue rule application which qualified for mandamus relief in *In re Volkswagen of Am., Inc.* 545 F.3d 304, 319 (5th Cir. 2008).

Clearly, *Daves II* reflects this Court's recognition that federal bail-reform injunctions raise issues of exceptional importance. And, this case implicates the division of authority between federal and state courts in criminal justice administration. The lower court's approach in deferring a decision in favor of unnecessary and protracted discovery defeats the purpose and warning of the en banc ruling in *Daves II* and threatens its nullification. Indeed, if district courts can avoid *Daves II* by characterizing *Younger* as a fact-intensive equitable issue under Rule 60(b), the en banc decision can be relegated to little practical effect.

Contrary to Plaintiffs' warnings, granting mandamus will not open any floodgates. This case involves special and unique circumstances created by, (1) the contemporary en banc ruling that fundamentally altered the legal landscape coupled with the entry of a federal consent decree in the interim, and (2) the ongoing direct

conflict between a federal consent decree and state statutes specifically designed to resolve the constitutional issue. Granting mandamus in this context is narrowly tailored to ensure compliance with binding Circuit precedent.

## CONCLUSION AND PRAYER

Petitioners respectfully request that this Court grant their Petition for Writ of Mandamus, direct the district court to rule on *Younger* abstention without further delay, without requiring additional discovery, and follow *Daves II*; and grant such other and further relief as this Court deems just and proper.

Respectfully Submitted,

GREER, HERZ & ADAMS, L.L.P.

By: /s/ Joseph Russo
Joseph Russo (Lead Counsel)
Fed. ID No. 22559
State Bar No. 24002879
jrusso@greerherz.com

Angie Olalde
Fed. ID No. 690133
State Bar No. 24049015
aolalde@greerherz.com

123 Rosenberg St., Suite 3000
Galveston, TX 77550-7947
(409) 797-3200 (Telephone)
(866) 422-4406 (Facsimile)

*Counsel for Petitioners/Appellants*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1. This document complies with the word limit of FED. R. APP. P. 21(d) because this document contains **2,388** words which is within the 6,500 word-count limit, excluding the portions exempted by the Rules.

2. This document complies with the typeface and type styles requirements of FED. R. APP. P. 21 and 32 because this document has been prepared in a proportionally spaced typeface using Microsoft Office 365 in Times New Roman 14-point font.

*/s/ Joseph Russo*
Counsel for Petitioners-Appellants

Dated: July 13, 2026

## CERTIFICATE OF SERVICE

I certify that, on July 13, 2026, I filed the foregoing brief and its attachments with the Court's CM/ECF system. Pursuant to Federal Rule of Appellate Procedure 25, all counsel of record in this case were electronically served. Pursuant to Rule 21(a)(1), I also emailed a copy of the foregoing brief and its attachments to the chambers of the Honorable Lee Rosenthal.

*/s/ Joseph Russo*
Counsel for Petitioners-Appellants