No. 26-20337

# UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

IN RE: HON. PAULA GOODHART, HON. JESSICA PADILLA, HON. LESLIE JOHNSON, AND HON. LINDA GARCIA,
*Petitioners,*

On Petition for Writ of Mandamus to the United States District Court for the Southern District of Texas, No. 4:16-cv-1414 (Rosenthal, J.)

**PLAINTIFFS' MOTION TO STAY THE MANDATE PENDING THE FILING AND DISPOSITION OF A PETITION FOR A WRIT OF CERTIORARI**

ALEC KARAKATSANIS
ELIZABETH ROSSI
JEREMY D. CUTTING
CIVIL RIGHTS CORPS
1601 Connecticut Avenue N.W.
Suite 800
Washington, D.C. 20009
(202) 681-2721
alec@civilrightscorps.org
elizabeth@civilrightscorps.org
cody@civilrightscorps.org

TRAVIS WALKER FIFE
TEXAS CIVIL RIGHTS PROJECT
P.O. Box 1108, Houston, TX 77521
(817) 991-4607
travis@texascivilrightsproject.org

August 29, 2026

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the Judges of this Court may evaluate possible disqualification or recusal.

| | |
|---|---|
| **Petitioners**<br>Hon. Paula Goodhart<br>Hon. Jessica Padilla<br>Hon. Leslie Johnson<br>Hon. Linda Garcia | **Counsel for Petitioners**<br>Joseph R. Russo, Jr.<br>jrusso@greerherz.com<br>Angie Olalde<br>aolalde@greerherz.com<br>Greer, Herz & Adams, L.L.P.<br>One Moody Plaza, 18th Floor<br>Galveston, Texas 77550<br>(409) 797-3200 |
| **Intervenor**<br>Ken Paxton, Texas Attorney General | **Counsel for Intervenor**<br>Joe Nwaokoro<br>Assistant Attorney General<br>P.O. Box 12548, Capital Station<br>Austin, Texas 78711-2548<br>(512) 463-2120 |
| **United States District Court**<br>Judge<br>Hon. Lee Rosenthal<br>U.S. District Court Judge for the Southern District of Texas, Houston Div. | |
| **Plaintiffs**<br>Maranda Lynn ODonnell<br>Loetha Shantae McGruder<br>Robert Ryan Ford | **Counsel for Plaintiffs**<br>Alec George Karakatsanis<br>alec@civilrightscorps.org<br>Elizabeth Rossi<br>elizabeth@civilrightscorps.org<br>Jeremy D. Cutting<br>cody@civilrightscorps.org<br>Civil Rights Corps |

| | |
|---|---|
| | 1601 Connecticut Ave N.W., Suite 800<br>Washington, D.C. 20009<br>(202) 681-2721<br><br>Dustin Rynders<br>dustin@texascivilrightsproject.org<br>Travis Walker Fife<br>travis@texascivilrightsproject.org<br>Kirsten Budwine<br>kirsten@texascivilrightsproject.org<br>Sarah Beebe<br>sbeebe@texascivilrightsproject.org<br>Texas Civil Rights Project<br>1500 McGowen, Suite 220<br>Houston, Texas 77004<br>(512) 474-5073<br><br>Neal S. Manne<br>nmanne@susmangodfrey.com<br>Joseph S. Grinstein<br>jgrinstein@susmangodfrey.com<br>Abbey E. McNaughton<br>AMcNaughton@susmangodfrey.com<br>Susman Godfrey L.L.P.<br>11000 Louisiana Street, Suite 5100<br>Houston, Texas 77005<br>(713) 651-9366<br><br>Morgan McCollum<br>mmccollum@susmangodfrey.com<br>Susman Godfrey L.L.P.<br>One Manhattan West<br>New York, New York 10001<br>(212) 336-8330<br><br>Daniel S. Volchok<br>daniel.volchok@wilmerhale.com<br>Jeremy W. Brinster<br>Jeremy.Brinster@wilmerhale.com<br>Wilmer Cutler Pickering |

| | |
|---|---|
| | Hale and Dorr, LLP<br>2100 Pennsylvania Avenue N.W.<br>Washington, D.C. 20037<br>(202) 663-6000 |
| **Harris County, Texas** | **Counsel for Harris County, Texas**<br>Daniel Hu<br>Daniel.Hu@harriscountytx.gov<br>Seth Hopkins<br>Seth.hopkins@harriscountytx.gov<br>Harris County Attorney's Office<br>1019 Congress Plaza, 15th Floor<br>Houston, Texas 77002<br>(713) 274-5383 |
| **Twelve Harris County Criminal Court at Law Judges**<br>Hon. Alex Salgado<br>Hon. Shannon Baldwin<br>Hon. David M. Fleisher<br>Hon. Kelley Andrews<br>Hon. Andrew A. Wright<br>Hon. Erika Ramirez<br>Hon. Toria Finch<br>Hon. Juanita Jackson<br>Hon. Sedrick T. Walker<br>Hon. Ashley Guice<br>Hon. Raul Rodriguez<br>Hon. Tonya Jones | **Counsel for Twelve Harris County Criminal Court at Law Judges**<br>Allan Van Fleet<br>allanvanfleet@gmail.com<br>G. Allan Van Fleet, P.C.<br>6218 Elm Heights LN, Suite 201<br>Houston, Texas 77081-2409<br>(713) 826-1954 |
| **Sheriff Ed Gonzalez** | **Counsel for Sheriff Ed Gonzalez**<br>Murray J. Fogler<br>mfogler@foglerlaw.com<br>Fogler, Brar, O'Neil & Gray LLP<br>909 Fannin Street, Suite 1640<br>2 Houston Center<br>Houston, Texas 77002<br>(713) 481-1010 |

/s/ Travis Walker Fife
TRAVIS WALKER FIFE

## PLAINTIFFS' MOTION TO STAY THE MANDATE PENDING THE FILING AND DISPOSITION OF A PETITION FOR A WRIT OF CERTIORARI

Plaintiffs-Respondents Maranda Lynn ODonnell, Loetha Shanta McGruder, and Robert Ryan Ford respectfully move, under Federal Rule of Appellate Procedure 41(d)(1), to stay the mandate until a petition for a writ of certiorari can be filed and disposed of. Plaintiffs ask the Court to rule on or before September 2, 2026 because two depositions are scheduled for next week, the first of which is set to begin at 9:30 a.m. CT on September 2.

Plaintiffs certify under Fifth Circuit Rules 27.3.2 and 27.4 that Court action is necessary on or before September 2, 2026.

Rule 41(d)(1) permits a party to move to stay the mandate pending the filing of a petition for a writ of certiorari, on a showing "that the petition would present a substantial question and that there is good cause for a stay." Plaintiffs will file a petition for a writ of certiorari. They do not intend to seek panel rehearing or rehearing en banc.

The petition will present two questions of exceptional national importance concerning the nature of official-capacity litigation and the ability of elections to produce changes in government policy. The first is whether, when a state official is sued in his official capacity, his litigation decisions—including a waiver of *Younger* abstention by consenting to federal adjudication and entry of a consent decree—bind

only the individual who happens to occupy the office, or instead bind the office itself. Even under *Daves II*'s unprecedented and erroneous *Younger* holding, the question of an official's waiver has exceptional importance to civil rights plaintiffs, government entities, and the judiciary. The second is whether an incumbent official has a legally cognizable interest in obtaining a judgment before an election precisely because voters may elect a successor who would take a different position on the legal question at issue.

This Court answered both questions in favor of the incumbent officeholders. It held, first, that an officeholder's litigation decisions, even when embodied in a final judgment, do not bind the office. Yet it also held that an incumbent has a legally cognizable interest in obtaining a judgment before voters can choose his successor, so that the judgment may constrain a successor whom the electorate selects to pursue a different position. And it deemed that interest sufficiently weighty to justify mandamus compelling an experienced district judge, Lee H. Rosenthal, to reorder her docket and decide the case before the election. Judge Higginson dissented. Plaintiffs do not restate the merits here.

Good cause exists because the decision is already operating. The Court directed the district court to consider Petitioners' *Younger* argument "on an expedited basis, well in advance of" the November 3, 2026 election. That is a command to act by a date certain, and the actions commanded must precede the

mandate. There is accordingly no course of waiting to comply: forty-eight days separate the September 16 mandate date from the election, and the evidentiary hearing the district court had set falls on November 16, thirteen days after it. A ruling "well in advance of" November 3 is not available to a court that waits. The practical effect of the Court's opinion is the same as if it had ordered the mandate to issue forthwith.

Indeed, in response to the decision the district court has not waited, and could not. The district court held a status conference the day after the decision issued to discuss a new schedule for the motions to vacate. On Monday, Judge Rosenthal will hold another status conference to consider an appropriate schedule to accommodate briefing on forthcoming motions from Petitioners and Intervenor Attorney General. Scheduling, briefing, and deciding these motions "well in advance of" November 3 will inevitably require Judge Rosenthal reordering her docket, not just in this case but in other urgent matters, to effectuate this Court's scheduling command. The district court, then, is reordering its docket now to comply with a decision that is not yet effective. Fed. R. App. P. 41(c).

A stay would put that right. It would tell the district court that it is not obliged to act while the Supreme Court considers whether to review the questions presented, and it would restore the interval Rule 41(d)(1) exists to provide—an interval that is otherwise consumed by the compliance the decision compels.

The relief sought is narrow. A stay would not disturb the consent decree, which remains in force; this Court denied as moot Petitioners' request to stay its enforcement. Nor would it disturb any ruling on the Rule 60(b) motion, which the district court has not made. Nor would it preclude the district court from exercising its discretion to decide these issues in advance of the election notwithstanding this Court's decision to stay the mandate.

## CONCLUSION

The Court should stay the mandate until a petition for a writ of certiorari can be filed and disposed of, and should rule on or before September 2, 2026.

August 29, 2026

Respectfully submitted.


/s/ Travis Walker Fife
TRAVIS WALKER FIFE
TEXAS CIVIL RIGHTS PROJECT
P.O. Box 1108
Houston, TX 77521
(817) 991-4607
travis@texascivilrightsproject.org

ALEC KARAKATSANIS
ELIZABETH ROSSI
JEREMY D. CUTTING
CIVIL RIGHTS CORPS
1601 Connecticut Avenue N.W.
Suite 800
Washington, D.C. 20009
(202) 681-2721
alec@civilrightscorps.org
elizabeth@civilrightscorps.org
cody@civilrightscorps.org

## CERTIFICATE OF CONFERENCE

Undersigned counsel contacted counsel for all other parties by electronic mail on August 28, 2026, and states their positions as required by Fifth Circuit Rule 27.4. Petitioners oppose the relief requested. Intervenor the Attorney General of Texas opposes. Harris County does not oppose. The twelve non-movant judges of the Harris County Criminal Courts at Law do not oppose. Sheriff Ed Gonzalez does not oppose. No party has advised whether it will file an opposition.

/s/ Travis Walker Fife
TRAVIS WALKER FIFE

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit using the CM/ECF system, which will serve all counsel of record.

/s/ Travis Walker Fife
TRAVIS WALKER FIFE

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), the undersigned certifies that this motion complies with the applicable type-volume limitation.

1. Exclusive of the exempted portions, the motion contains 813 words.

2. This motion was prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 in 14-point Times New Roman font.

/s/ Travis Walker Fife
TRAVIS WALKER FIFE